Antillas Electric Corporation, demandante y apelada, *v.* Municipio de Arecibo, demandado y apelante.

Núm. 8115.—*Sometido:* Enero 29, 1940. *Resuelto:* Enero 31, 1940.

*Luis Mercader,* abogado del apelante; *Carlos J. Torres* y *Armando A. Miranda,* abogados de la apelada.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

La demandante, Antillas Electric Corporation, presentó una reclamación contra el Municipio de Arecibo en cobro de ciertos efectos eléctricos. La demanda estaba jurada y el demandado, luego de algunas objeciones preliminares, contestó. La demandante entonces solicitó sentencia sobre las alegaciones, cosa que la corte de distrito concedió en una opinión razonada. El municipio apeló. La demandante solicita se desestime el recurso por frívolo.

La apelada presentó fundamentos escritos para la desestimación del recurso. El demandado no contestó específicamente la moción para desestimar y la corporación no compareció a la vista. Todo lo que el apelante hizo ante este tribunal fué radicar un alegato.

■ Conforme indicó la corte de distrito, en la demanda se alegó que el demandado en distintas fechas y con órdenes suyas anotadas en sus libros de contabilidad compró a la demandante a base de crédito, materiales eléctricos por valor de $3,743.89, que fueron debida y oportunamente suministrados y aceptados por el municipio; que además de esa alegación, la parte demandante hace un análisis completo de la reclamación y desengloba la suma alegada en distintas partidas con el número de la orden del municipio, de la fecha y de la cantidad objeto de cada partida. Según esta reclamación los materiales fueron entregados desde principios del año 1931 hasta agosto de 1933.

Si el demandado carecía de cualesquiera informes, cosa que probablemente no era así, él pudo haber solicitado un pliego de especificaciones.

Se ataca la suficiencia de la demanda, más convenimos con la corte inferior en que con los anteriores datos la demandante presentó un caso prima facie.

■■ La demanda estaba jurada y la contestación del demandado, luego de aducir ciertos hechos, decía lo siguiente:

"Jurado y suscrito ante mí en Arecibo, a 26 de septiembre de 1939 por don Juan Abréu, Alcalde de Arecibo, mayor de edad, a quien conozco personalmente. (Fdo.) Juan Ramírez Vega, Secretario."

18

Estamos de acuerdo en que este juramento era insuficiente y que la demanda podía considerarse como admitida. Según el artículo 110 del Código de Enjuiciamiento Civil, si se jurare la demanda, y en este caso la demanda estaba jurada, la negación de cada alegación impugnada deberá ser específica y el juramento hará constar que los hechos expuestos son ciertos. El apelado cita varios casos en apoyo de esta contención, que no creemos necesario mencionar toda vez que la práctica es bien conocida.

■ En su alegato el apelante sostiene que el demandado es un municipio y alega que la suma adeudada a la demandante se había hecho figurar en el presupuesto del demandado. Ésta es una alegación vaga y no impide una sentencia sobre las alegaciones.

■ No importa cuál sea la regla en otras jurisdicciones, y no estamos convencidos de que exista semejante regla en cualquier otro sitio, nada hay en las leyes de Puerto Rico que exija que un demandante haga constar que existía un fondo especial que sería aplicado a la liquidación de la suma reclamada. Tal aseveración podría tener alguna importancia en la ejecución de la sentencia, pero no impediría a un demandante que asegurara su reclamación obteniendo una sentencia.

*No hallamos una defensa adecuada en los autos y la apelación debe ser desestimada por frívola.*